IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16MC6-RLV-DSC

| | |
|---|---|
| DAVID L. TURNER, | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| STATE OF NORTH CAROLINA IREDELL COUNTY CLERK OF SUPERIOR COURT, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court <u>sua sponte</u> on Petitioner's "Motion for Court Documents Providence [sic] Needed for Appeal" (document #1). Petitioner seeks an order compelling the Iredell County Clerk of Superior Court to produce documents and audio transcripts from his state court criminal trial.

Petitioner has not cited any authority, much less any authorizing the relief he seeks. The existence of federal subject matter jurisdiction is a threshold issue. <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." <u>Chris v. Tenet</u>, 221 F.3d 648, 655 (4th Cir. 2000)(citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore

the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).

Federal jurisdiction generally arises from (1) a federal question or (2) diversity of citizenship. "Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986). "The general diversity statute, § 1332(a), authorizes federal court jurisdiction over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 62 (1996). In addition, the amount in controversy must exceed $75,000 for federal diversity jurisdiction. 28 U.S.C. § 1332(a).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his pleading. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Petitioner's Motion fails to establish this Court's jurisdiction on either federal question or diversity grounds. Accordingly, the Motion is dismissed.

The Clerk is directed to send copies of this Order to the pro se Petitioner, to counsel for the Respondents; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: December 6, 2016

David S. Cayer
United States Magistrate Judge